## HUDSON vs. YOUNG.

1. In an action on a detinue bond, a recovery may be had (under a special allegation) for the value of the hire of the property during the whole time the defendant was deprived of its use, although, after he had failed to give the statutory bond, the property was delivered to the plaintiff upon his execution of a second bond for its forthcoming, as provided by the statute ; and this value may be proved by evidence of the "value of the use of the property per day, over and above expenses, during the time it was in the plaintiff's possession."

APPEAL from the Circuit Court of Benton.
Tried before the Hon. ANDREW B. MOORE.

COVENANT by William Young against Samuel P. Hudson on a detinue bond, which the defendant had signed as surety of Joshua B. Wickham, who was the plaintiff in the detinue suit. It appears that the defendant in that suit failed to give the statutory bond for the forthcoming of the property, and thereupon, after the expiration of five days, the plaintiff gave another bond, as required by the statute, and the property was delivered to him by the sheriff. The declaration alleges that the said writ in detinue was wrongfully sued out, and the plaintiff therein failed in his suit; that judgment was rendered in said suit, on the verdict of a jury, in favor of the defendant therein ; "that by the wrongful suing out of said writ, plaintiff was deprived of the use of said property for more than three years, and that said property was injured and damaged while in the possession of defendant; and that, by reason of said deprivation, plaintiff was confused and injured in his business,

and by reason of the injuring and damaging of his said property, and the taking of the same out of his possession, as aforesaid, he was entirely deprived of the use of the same, and also of the profits and advantages which might, and otherwise would, have accrued to him from the use and labor of said property, and was put to great expense and trouble in defending said suit, and recovering said property," &c.

The defendant demurred to the declaration, and his demurrer was sustained " as to the breaches alleging injury to the property of the defendant, and to the breach alleging injury and confusion to him in his business," and overruled as to the remainder ; and he then pleaded, in short by consent, 1st, performance of his covenants ; 2d, that the property mentioned in the declaration did not belong to plaintiff,—that he gained said detinue suit by showing an outstanding title in a third person, and that the said property was not in his possession at the commencement of said detinue suit ; 3d, *non infregit conventiones;* and, 4th, that plaintiff has sustained no injury.

On the trial, after proving the execution of the bond sued on, the plaintiff " proved that said property was, by virtue of said writ and the order of the clerk thereon endorsed, taken by the sheriff of Benton county out of plaintiff's possession, and that said detinue suit was determined in his favor before the commencement of this action ; and he then offered to prove that said property, so taken out of his possession, was kept from him for more than two years. The defendant objected to proof that said property was kept out of said plaintiff's possession for more than ten days, and the court sustained the objection. The plaintiff then proved that said property was kept out of his possession by the sheriff, under said order, for ten days, and the value of the use of the property per day, over and above expenses, for said ten days. The defendant objected to this proof of value ; but the court overruled the objection, and the defendant excepted."

The plaintiff then, "for the purpose of laying a predicate for the introduction of proof of the further disposition of said property," proved the execution of another bond by the said Wickham and Hudson, for the forthcoming of the property in said detinue suit, under which the sheriff delivered

25

said property to said Wickham, and then offered said bond in evidence. The defendant objected to the reading of this bond in evidence; but his objection was overruled, and he excepted. The plaintiff then offered evidence tending to show that he had been kept out of the possession of said property during the pendency of said detinue suit, for two years and more ; and also offered to prove the value of the use of said property per day, over and above expenses, during that time. The defendant objected to the evidence offered of the value per day for more than ten days ; but the court overruled the objection, and allowed the evidence to go to the jury "as one means of ascertaining the injury to plaintiff," and the defendant excepted.

The defendant requested the court to charge the jury, that they could only give damages, in this action, for the detention of the property ten days from the time it was taken out of plaintiff's possession by virtue of said writ in detinue ; which charge the court refused, and the defendant excepted.

All the above stated rulings of the court, adverse to the defendant below, are now assigned for error.

JOHN T. MORGAN, for the appellant :

1. Under the state of the pleadings, to which the proof offered was applicable, the plaintiff could only recover such damages as were applicable to the first bond, and such damages as were the direct legal effect of the breach of the condition of that bond, the condition of which was confined to the damages growing out of the suing out of the writ of detinue.—Vicars v. Wilcox, 4 East's Rep. 295 ; 6 Hill 522 ; Donnell v. Jones, 13 Ala. 508 ; 2 Greenl. Ev.,.p. 210, § 256.

2. The replevy bond (or, as it is called, the second bond) expressly covers the case of the loss or destruction of the property, because it provides for the delivery of it after the determination of the suit ; and for the loss of property embraced in the bond, an action must be had on that bond, and not on the bond of indemnity.—Falls v. Weisinger, 11 Ala. 801 ; Burgess v. Sugg, 2 S. & P. 318 ; Givhan v. Dailey's Adm'r, 4 Ala. 336.

3. The rents, or hire, of the property, in the hands of the bailee, did not accrue directly in consequence of the issue of

the writ, but of the giving of the replevy bond, and of defendant's failure to give such a bond. The surety on the replevy bond is not responsible for the wrongful suing out of the writ in detinue ; and, *e converso*, the surety on the indemnity bond could not be liable for damages growing out of the execution of a different bond by different persons. If the property had died, pending the detinue suit, without the plaintiff's fault, no one would have been liable for it ; if it had died in consequence of his fault, the surety on the replevy bond (if any person) would have been liable for it. The true action here would be, an action on the case, or an action of *assumpsit*, for the injury which the party may have sustained from the subsequent and distinct act of giving a different bond.

WHITE & PARSONS, *contra* :

The breach in the declaration, as to which the demurrer was overruled, was for the loss sustained by plaintiff in being deprived of his property and the use of it. The bond was conditioned to pay "all costs and damages sustained" by Young from the wrongful suing out of the writ. The verdict in favor of the plaintiff, in the case of Wickham v. Young, was evidence of the wrongful suing out of the writ, for the action was detinue, and necessarily involved the right to the property.—Zeigler & Hall v. David, 23 Ala. 140-41. The loss of the use of his property was the direct consequence of the suit against plaintiff. The property was taken under legal process, and was detained by lawful authority, and delivered by the sheriff, under the direction of the law, to the appellant ; and all this was the legitimate result of the first wrongful act of Wickham—the institution of suit against Young. Such damages are recoverable upon the bond.—Donnell v. Jones, 13 Ala. 508 ; Kirksey v. Jones, 7 *ib*. 622 ; McCulloch v. Walton, 11 *ib*. 492 ; Zeigler & Hall v. David, *supra*; Bettis v. Taylor, 8 Por. 564 ; Alexander v. Hutchinson, 9 Ala. 825.

The injury to the plaintiff (Young) from the detention of his property ten days under the order of the clerk, upon the process sued out by Wickham, was no more the consequence of the suing out of the original action, than was the delivery of the property to the plaintiff after the defendant had failed to give bond, and upon the plaintiff's giving bond, as provided

by the statute. This result would not have followed, it is true, if defendant had replevied the property, nor if the plaintiff had failed to give the second bond; but each of these is based upon, and emanates from the original process, and is just as much the proximate consequence of the suit by Wickham against Young, as would be the levy and sale under an attachment or execution. The right of the plaintiff, and of the sheriff as his legal agent, to take the property at all, depended on the plaintiff's right to sue; and when it is ascertained that he had no right to sue, both he and the sheriff become *quasi* trespassers.

The evidence of the value per day of the use of the wagon and team was only offered as one mode of ascertaining the damages. If Hudson wished to avoid the effect of this rule of damages, as being too stringent, he should have offered other proof of value; as, indeed, it is manifest he did, for this rule would have given damages treble the amount of the judgment rendered.

CHILTON, C. J.—The declaration avers, that in consequence of the suing out of the writ of detinue, and the seizure of the property sued for, plaintiff was deprived of the use of said property for a long space of time, &c.; and the court allowed proof to be made of the value of the use of said property per day, over and above the expenses, during the time it was in the possession of Wickham, the plaintiff in the detinue suit.

This was rather a circuitous mode of proving the value of the hire of the property for the time Young was deprived of it, but we are not prepared to say that it was objectionable. The ground of objection taken in the court below is, that the plaintiff was permitted to recover for more than five days' detention, that being the period within which he could have given bond for the forthcoming of the property to abide the result of the suit; and it is insisted that his failure to give bond, and the execution of such bond by the plaintiff in the detinue suit, in consequence of which the property was delivered over to the latter, makes the subsequent detention of it by the latter but a remote consequence of the suing out of the original process, and that the damage resulting from such deprivation of the use cannot be recovered in an action upon

this bond, not being the necessary result of the issue of the writ of detinue.

Damages are of two kinds :—*general*, that is, such as *necessarily* result from the injury complained of, being such as may be shown under the *ad damnum*, or general averment of damage at the end of the declaration, and of which the defendant is presumed to be cognizant and to come prepared to meet ; and *special*, that is, such as are the *natural* and *proximate* consequences of the injury alleged, but which are not the *necessary* result of it. Such damages the law does not imply, neither does it presume the defendant to be cognizant of them ; hence, to enable him to come prepared to defend against them, the plaintiff must particularly specify them in his declaration, or he will be permitted to give no evidence at the trial concerning them.—2 Greenl. Ev. § 224, 3d ed.

In the case before us, the damage caused by the *seizure* of the property sued for was the proximate, but not the necessary result of the suit. The sheriff was commanded to seize it, and take it into his possession, unless the defendant should give bond. It was in the power of the defendant to have retained it, by stipulating for its forthcoming with security ; yet he was not bound to do this, but might remain passive, leaving the complainant to the natural consequences of his own wrongful act, one of which is the deprivation of the use of the property as respects the defendant. The execution of the second bond by the plaintiff in detinue was but the means of obtaining possession of it himself, and furnished security for the return of the *corpus* in a certain event ; but the question of damages for the deprivation of the use of it in the meantime, by the defendant, Young, is neither provided for, nor in anywise affected by this bond. Such damage is covered by the first bond, or is wholly unprovided for by the statute. We have seen it is the natural, though not the necessary result of suing out the writ with the order of seizure endorsed ; and as it is specially averred in the declaration, we entertain no doubt of the correctness of the ruling of the primary court in allowing it.—Zeigler *et al.* v. David, 23 Ala. 127. There are cases, where the plaintiff is not permitted to recover damages which he allows to accrue by his obstinacy and tortious neglect ; as if A leaves open the gate of B, and B, with a knowl-

edge of the fact, passes it frequently, and refuses to close it, and cattle walk through afterwards and commit depredations upon the crop ; here the damage is rather to be regarded the result of B's obstinacy and neglect, than of the original wrong in leaving the gate open by A. So, when the trespass complained of was the removing of a few rods of fence, it was held, that the proper measure of damages was the cost of repairing it, and not the injury to the subsequent year's crop, arising from the defect in the fence; it appearing that such defect was known to the plaintiff.—Locker v. Damon, 17 Pick. 284. In this case, according to the facts, the defendant not only wrongfully caused the property to be taken from Young's possession, but, following up and consummating the injury, he availed himself of the practice of the court to retain it in his own hands. Such damage naturally results from, and is a proximate consequence of the suit, and properly forms the ground of recovery.

Judgment affirmed.