# Williams, *et al.*, *v.* Finch, *et al.*

## *Action on Detinue Bond.*

(Decided June 2, 1908. 46 South. 645.)

1. *Detinue; Suit on Bond; Damages.*—The time lost in making a forthcoming bond and in attending court at the trial of a detinue suit is not an element of recoverable damages in an action on the detinue bond.

2. *Same; Evidence; Appeal Bond.*—The appeal bond tending to show that the detinue suit was removed from the justice to the circuit court, a fact material to plaintiff in the suit on the detinue bond, such appeal bond is admissible in evidence against the objecttion of immateriality or irrelevancy, whether signed by the parties to the suit on the detinue bond or not, so long as it was signed by the plaintiff in the detinue suit.

3. *Judgment; Evidence.*—In an action on the detinue bond a judgment of the circuit court copied and properly certified showing that the detinue suit, which was appealed to the circuit court, was finally decided by that court in favor of the defendant, is admissible in evidence.

4. *Detinue; Action on Bond; Evidence; Justice Docket.*—Where the detinue suit was begun in a justice court and carried on appeal to the circuit court where the appeal was dismissed, and the defendants in such a suit, plaintiffs in this suit, proved the appeal and final determination of the detinue suit in their favor, it was not necessary to make proof of copies of the justice's docket.

5. *Same; Identity of Suit.*—It was admissible to show, in an action on the detinue bond, that the plaintiff in the detinue suit instituted no other such suit against the defendants, plaintiffs here, than that mentioned in the bond sued on.

6. *Officers; De Facto Offices; Proof of.*—The fact that a person was a de facto officer cannot be shown by a question to a witness, if it was generally known that he was acting as such officer.

[Williams, et al. v. Finch, et al.]

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Suit by J. A. Williams and others against Andy Finch and others on a detinue bond. From a judgment for defendants plaintiffs appeal. Reversed and remanded.

For former appeal in this case see 41 South. 834.

D. H. RIDDLE and LUELLE ALLEN, for appellant. The making of a replevy bond and loss of time therein is a proper element of damage recoverable in an action of this character.—*Miller v. Garrett,* 35 Ala. 96. The conditions of a detinue bond are broken when a non suit is taken or the case dismissed by plaintiff.—*Savage v. Gunter,* 32 Ala. 467. On the authority of *Williams v. Finch,* 41 South. 834, the other assignments of error are well taken.

FELIX L. SMITH, for appellee. No brief came to the Reporter.

DENSON, J.—Andy Finch commenced a detinue suit, before W. A. Couse as a notary public and ex officio justice of the peace in Clay county, against the plaintiffs in the present action, to recover possession of a mule and a cow, and on the execution of a bond by him, with B. Finch and W. P. Fulmer as sureties, a writ of seizure was issued, under which the mule and cow were seized by a deputized constable; but these were restored to the possession of the defendant in the detinue suit upon the execution by them of a replevy bond. The suit was tried in the justice court, and judgment was there rendered in favor of the defendants, whereupon the plaintiff in that suit appealed to the circuit court of Clay county, and in that court the suit was dismissed for the want of prosecution.

[Williams, et al. v. Finch, et al.]

The present action was commenced in the circuit court of Coosa county by the plaintiffs, J. A. Williams, Oscar Franklin, and W. S. Franklin, against Andy Finch (the plaintiff in the detinue suit) and his sureties on the detinue bond, to recover damages alleged to have been sustained by a breach of that bond. Time lost in making a forthcoming bond and in attending court in the trial of the detinue suit is not an element of recoverable damages in this action, and the motion of the defendants to strike the claim for such damages from the complaint was well made.—*Foster v. Napier,* 74 Ala. 394.

After offering the detinue bond and affidavit, and the replevy bond, as evidence, the bill of exceptions recites: "Here the plaintiffs offered in evidence the appeal bond executed by Andy Finch et al., appealing said detinue suit from Couse's court to the circuit court of Clay county, which appeal bond is in words and figures as follows." Then follows the bond, set out in full. The defendants interposed to this evidence the objections of irrelevancy, immateriality, and that the bond was not signed by the parties to the suit here. Manifestly the bond tended to show that the cause was appealed by Finch to the circuit court, a fact material to the plaintiffs' cause of action; and, it being signed by the plaintiff in the detinue suit, that it was not signed by the parties in this suit is immaterial. So that, confining ourselves to the grounds of objections assigned, it is our opinion that the evidence offered is not subject to them, and that the court erred in sustaining them.

The copy of the judgment of the circuit court of Clay couunty is properly certified. It tends to show that the detinue suit was finally adjudicated by that court in favor of the plaintiffs in this action, and we are unable to see on what ground the court refused to admit it. No

26 C

[Williams, et al. v. Finch, et al.]

ground appears to have been assigned for the objection to it. There was evidence tending to show that Couse was a de facto notary public and ex officio justice of the peace, and the copy of the judgment was offered after that proof was made.

On another trial, if the plaintiffs prove the cause was carried by appeal to the circuit court and that it was finally determined there in their favor, it will not be necessary to make proof of copies of the justice's docket, as was unsuccessfully attempted on the last trial; and we need not now consider the questions presented by the fifth and sixth grounds in the assignment of errors.

The witness Franklin should have been permitted to testify that Andy Finch instituted no other detinue suit against these plaintiffs than that referred to in the detinue bond. That a person is an officer de facto cannot be proved by asking a witness if it was generally known that he was acting as an officer. The court committed no error in declining to allow witness Franklin to answer the question.—*Sandlin v. Dowdell,* 143 Ala. 518, 39 South. 279.

The judgment of the court will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.