# Crandall-Pettee Co. *v.* Jebeles & Colias Conf. Company.

### Assumpsit.

(Decided October 14, 1915. Rehearing denied November 18, 1915. 69 South. 964.)

1. **Trial; Directing Verdict.**—Where there are two versions of a contract in evidence, the court cannot possibly direct a verdict for either party, but must submit the cause to the jury for their determination.

2. **Principal and Agent; Liability to Third Party; Private Instructions.**—Where a defendant had ordered goods from plaintiff and plaintiff afterwards received a telegram from an agent of defendant countermanding the order,

[*Crandall-Pettee Co. v. Jebeles & Colias Conf. Company.*]

and plaintiff acted thereon in good faith, and was not guilty of any negligence, plaintiff could not be prejudiced by private instructions of defendant to its agent unless plaintiff had knowledge that the agent was exceeding his instructions.

3. **Sales; Contract; Damages; Refusal to Accept Goods.**—Where a defendant ordered goods of a plaintiff and then countermanded the order, the measure of damages recoverable in such a case is the difference between the agreed price, and the market price at the time and place of delivery with interest; hence, damages sustained by plaintiff incident to conducting a resale of the goods at auction were not recoverable.

4. **Same; Custom of Trade.**—A general custom of the market cannot affect the buyer's liability for goods ordered by him, and the order later countermanded, and the goods refused, unless the contract of purchase was made with reference to the custom, or the custom was part of the contract.

5. **Same; Breach; Refusal to Accept.**—Where a seller manufactures goods especially for a buyer on an order, and the buyer repudiates the contract while the goods are in course of manufacture, the seller need not complete the manufacture of them, but may sue upon the repudiation and measure his damages by the difference between the contract price, and the cost of production.

6. **Action; Joinder.**—Under §§ 5328-9, Code 1907, where a seller of goods sued the buyer for breach of contract in countermanding the order, he may join the common counts, and a count charging the breach of the special, executory contract of sale, since counts requiring the same judgment may be joined without a misjoinder.

7. **Same; Pleading.**—The 5th count stated and examined and held not subject to the demurrer that it did not appear therefrom that plaintiff had not received payment for any damages which might have been sustained before bringing the suit; also not subject to the demurrer that it did not clearly appear therefrom that plaintiff actually sustained any loss or damages by reason of the alleged breach; also not subject to the demurrer that no allegation was made of any attempt on plaintiff's part to sell the goods in the market after the alleged repudiation of the agreement.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by the Crandall-Pettee Company against the Jebeles & Colias Confectionary Company. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under section 6, Act of April 18, 1911 (Laws 1911, p. 449). Reversed and remanded.

The first four counts were on the common counts. The fifth count is as follows: Plaintiff claims of defendant $500 as damages for the breach of an executory contract for that heretofore on, to wit, September 2, 1911, defendant ordered of plaintiff certain goods, wares, and merchandise having to be made to order by plaintiff, should plaintiff accept said order, which said goods, wares, and merchandise were to be delivered to defendant in the

[Crandall-Pettee Co. v. Jebeles & Colias Conf. Company.]

city of New York, state of New York; that afterwards, on, to wit, Septembr 11, 1911, plaintiff accepted said order of defendant upon the condition that if defendant would make a remittance of $250 on account and the balance of said order to become due in 30 days; that defendant agreed to the condition on which said order was accepted by plaintaiff, after which plaintiff proceeded to make, manufacture, and prepare for delivery the goods, wares, and merchandise ordered by defendant, which order had been accepted upon certain terms heretofore named, to which terms defendant had agreed as aforesaid, and after the said goods, wares, and merchandise had been made up plaintiff, in accordance with the order of defendant and after said goods, wares, and merchandise were made or manufactured for delivery defendant, did on, to wit, September 20, 1911, countermand and cancel the order, which countermand and cancellation of said order plaintiff refused to accept, but defendant refused to receive said goods, wares, and merchandise so ordered by it, and made or manufactured by plaintiff for defendant. And plaintiff avers that, while it had performed all its part of said agreement as heretofore stated, defendant breached its said agreement or contract, in this, that defendant failed and refused to remit plaintiff the $250 on account as per agreement, and failed and refused to receive and accept said goods, wares, and merchandise after same had been ordered, made, or manufactured for defendant by plaintiff, as was its duty to do, and on account of defendant's countermand, and on account of the refusal of defendant to send said $250, and to accept and receive said goods, wares, and merchandise contained in said order and pay for them in 30 days from, to wit, September 20, 1911, plaintiff suffered great loss and damage, to wit, $500. Wherefore, it sues for said damages; together with interest thereon.

The demurrers were: Misjoinder of causes of action; it does not appear that plaintiff has not received payment for any damages which may have been sustained before the bringing of this suit; it does not clearly appear that plaintiff actually sustained any damage or loss by reason of the alleged breach; no allegation is made of any attempt on plaintiff's part to sell said goods, wares, and merchandise in the market, since the alleged repudiation or concellation of the agreement. The damages claimed were too remote, speculative, and conjectural.

[Crandall-Pettee Co. v. Jebeles & Colias Conf. Company.]

The following is a telegram sent by defendant to plaintiff: "Terms satisfactory. Ship at once. Mailing check." Second telegram: "Wired you some days ago would comply with your terms and send check for $250, which will be mailed immediately upon notice that shipment has been made. Have you shipped? Answer yes or no by wire, our expense immediately." Plaintiff replied: "Greater portion of order ready for shipment, waiting for check." On September 20, 1911, the following message was sent by defendant to plaintiff: "Cancel any and all orders you have for us." To which plaintiff replied, declining to cancel the order of cancellation, and insisted on a fulfillment of the contract. The president of the corporation testified that he did not see or sign any of the telegrams, but they were sent and signed in the name of the company, by the bookkeeper Daniels, and that the telegrams did not contain what he told Daniels to send. Plaintiff contended that the contract was made out and signed, while defendants contended that it was a mere order written down by the salesman and not shown to or signed by them, and no invoice left with them, or duplicate order, and none afterwards sent them, and that the order contained many things which they did not buy from a salesman. The other facts sufficiently appear.

THOMPSON, THOMPSON & BACHRACH, for appellant. FELIX E. BLACKBURN, for appellee.

THOMAS, J.—(1) If there is any evidence which tends to establish the plaintiff's cause, the trial court should not withdraw the case from the jury by giving the affirmative charge. —*Tober v. Pioneer Min. Co.*, 166 Ala. 517, 52 South. 86; *Shipp et al. v. Shelton, infra*, 69 South. 102; *McCormack v. Lowe*, 151 Ala. 313, 44 South.; *M. J. & K. C. R. R. Co. v. Bromberg*, 141 Ala. 258, 37 South. 395; *Amerson v. Corona Coal & Iron Co., infra*, 69 South. 601.

Where there are two versions of a contract in evidence, charges requested by one party to the suit, based on his version alone, are properly refused.—*Bates v. Harte,* 124 Ala. 427, 26 South. 898, 82 Am. St. Rep. 186. The general rule is that the affirmative charge should never be given when there is a conflict in the evidence as to any material fact in issue, or when the evidence is open to reasonable inference of a material fact

unfavorable to the party requesting the charge, or when the finding depends upon uncertain reasonable inference that may be drawn by the jury.—*Baker v. Patterson*, 171 Ala. 88, 55 South. 135; *John v. Birmingham Co.*, 172 Ala. 603, 55 South. 801; *Carter v. Fischer*, 127 Ala. 52, 28 South. 376; *Bomar v. Rosser*, 123 Ala. 641, 26 South. 510; *Bufford v. Raney*, 122 Ala. 565, 26 South. 120; *L. & N. R. R. Co. v. Lancaster*, 121 Ala. 471, 25 South. 733; *Cole v. Propst Bros.*, 119 Ala. 99, 24 South. 884; *Abbott v. City of Mobile*, 119 Ala. 595, 24 South. 565; *Anderson v. Railroad Co.*, 109 Ala. 128, 19 South. 519.

A careful consideration of the conflicting tendencies of the evidence convinces us that the questions involved under the issue of fact presented should have been submitted to the jury under proper instructions.

(2) Nor did the testimony of the defendant and of his former bookkeeper, as to the private instructions of defendant to its agent touching the telegram to be sent plaintiff, authorize the giving of the general charge.

In *Ray v. Fidelity-Phoenix Fire Ins. Co.*, 187 Ala. 91, 95, 65 South. 536-538, the opinion, discussing the principle just here being treated, proceeds as follows: "It may be assumed that this agent's express authority was limited to the mere making of an investigation and a report of the result. But plaintiff had no notice of that limitation, and this agent's authority as to third persons was governed by the nature of the business intrusted to him. His acts, within the usual scope of the business intrusted to such agents, provided plaintiff acted in good faith and was not guilty of negligence, bound his principal despite his private instructions, for the authority of an agent, as to those with whom he deals, is what it reasonably appears to be."

On receipt of the telegram from the defendant, if the plaintiff acted thereon in good faith, and was not guilty of negligence, then he could not be prejudiced by the private instructions of the principal to the agent, in the absence of knowledge that the agent was exceeding his instructions.—*Syndicate Ins. Co. v. Catchings*, 104 Ala. 176, 16 South. 46. The telegram was a reply to a letter from plaintiff to defendant, and was signed by the defendant. The defendant corporation could act in such matters only through its agent. The telegram was sent to the plaintiff in the due course of business, and it related to the delivery of

goods to be made by plaintiff to defendant. There was nothing in the transaction from which either plaintiff's knowledge of the contrary instructions, or its negligence, could be inferred. In view of the circumstances of the transaction, the plaintiff had the right to presume that the telegram was a correct reply from the defendant corporation.

(3) The defendant's motion to strike from the complaint the special damages claimed, incident to conducting a resale at auction of the goods, was properly granted.—*L. & N. R. R. Co. v. Fletcher,* 194 Ala. 257, 69 South. 634; *Williams v. Finch,* 155 Ala. 399, 46 South. 645; *Southern Railway Co. v. Webb,* 143 Ala. 304, 39 South. 262, 111 Am. St. Rep. 45, 5 Ann. Cas. 97.

(4) So of the refusal of the court to permit witness for plaintiff to testify of the general custom prevailing at the time in New York. The evidence does not show that defendant contracted for the purchase with reference to such custom, or that the same was a part of the contract of purchase, if such was consummated.

The measure of damages in such cases is the difference between the agreed price and the market price at the time and place of delivery, with interest.—2 Sedg. Dam. (8th Ed.) § 94; 2 Benj. on Sales (4th Ed.) 973; 2 Addison on Con. § 589; 2 Greenl. Ev. § 261; *Young v. Cureton,* 87 Ala. 727, 6 South. 352; *Bell v. Reynolds,* 78 Ala. 511, 56 Am. Rep. 52; *Harralson v. Stein,* 50 Ala. 347; *Penn. v. Smith et al.,* 104 Ala. 445, 18 South. 38; *Austin et al. v. Beall,* 167 Ala. 426, 52 South. 657, Ann. Cas. 1912A, 510; *Craig & Co. v. Pierson Land Co.,* 179 Ala. 535, 60 South. 838; *Gooden v. Moses Bros.,* 99 Ala. 233, 13 South. 765; *Gwin et al. v. Hopkinsville Milling Co.,* 190 Ala. 346, 67 South. 382; *Hopkinsville Milling Co. v. Gwin et al.,* 179 Ala. 478, 60 South. 270; *Scruggs v. Riddle,* 171 Ala. 350, 54 South. 641; *Davis v. Adams,* 18 Ala. 264; *Roehm v. Horst,* 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953; *Barrow v. Arnand,* 8 Q. B. 604-609.

In *Gwin et al. v. Hopkinsville Milling Co., supra,* this court held that, where a buyer repudiates the contract and refuses to receive the goods, a resale is not necessary to fix the buyer's liability, but a resale in the market may be made, to ascertain the damages.

(5) If a vendor is to manufacture goods, and there is a repudiation of the contract while the goods are being manufactured,

[Watson Bros. v. Davis, et al.]

the vendor is not bound to complete the manufacture and may measure his damages by the difference between the contract price and the cost of production, or of performance.—*Hopkinsville Milling Co. v. Gwin et al.*, 179 Ala. 472, 479, 60 South. 270; *Hinckley v. Pittsburg Co.*, 121 U. S. 264, 7 Sup. Ct. 875, 30 L. Ed. 967.

(6) Counts which require the same judgment may be joined. That there cannot be two judgments in one action is the reason for the rule of misjoinder of actions or counts in one complaint. Joinder in the same complaint, of separate counts, counts charging the breach of an executory contract, and the common counts, is not a misjoinder.—Code, §§ 5328, 5329; *Skaines v. Barnes,* 168 Ala. 426, 53 South. 268; *Zavello v. Reeves & Co.*, 171 Ala. 401, 54 South. 654; *Woodall & Son v. People's Nat. Bank*, 153 Ala. 576, 45 South. 194; *Southern Ry. Co. v. McEntire*, 169 Ala. 42, 53 South. 158; *Shows v. Steiner et al.*, 175 Ala. 363, 57 South. 700; *Sou. Bit. Co. v. Hughston*, 177 Ala. 559, 58 South. 450; *Western Ry. Co. v. Hurt et al.*, 160 Ala. 599, 49 South. 371; *Cent. of Ga. Ry. Co. v. Malone*, 165 Ala. 432, 51 South. 730; *Zavelo v. Leichtman et al.*, 171 Ala. 65, 54 South. 537.

(7-9) Count 5 was not subject to any of the grounds of demurrer directed thereto.

For the error of the court in giving the affirmative charge at defendant's request, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.