# Central of Georgia Ry. Co. *v.* Isbell.

### Breach of Contract.

(Decided November 30, 1916.  73 South. 648.)

1. **Contract; Breach; Pleading.**—Where the complaint contained allegations of performance of the contract on plaintiff's part and of the breach on defendant's part, conjunctively alleged, the allegations must be proved as laid.

2. **Charge of Court; Directing Verdict.**—If there is lack of proof as to any material averment necessary to a recovery the general charge should be given on proper request.

3. **Contracts; Pleading; Variance.**—In an action for breach of contract where the matter alleged is descriptive of that which is material, a variance between the allegations and the proof is fatal.

4. **Sales; Contract; Delivery.**—The contract considered and it is held that it was in the contemplation of the parties that the ties contracted for should be produced within the radius of the designated points, to be delivered by the contractor to the railroad on its right-of-way, when practicable, but that they might be delivered on the right-of-way of other immediately connecting lines of railway in the same territory.

5. **Same; Delivery and Acceptance; Jury Question.**—In an action for breach of contract to accept and pay for cross-ties, where there was evidence tending to show failure of payment for some cross-ties delivered and accepted under the terms of the contract, the number and amount of the respective deliveries, the acceptance thereof and payment therefor, or the liability for the same were jury questions.

6. **Same; Action by Seller; Pleading; Variance.**—Where the evidence showed that some ties were delivered under the terms of the contract at the times averred the failure of the evidence to show that the number of ties averred to have been delivered was so delivered at the respective times alleged did not present a variance, since the law does not require the plaintiff to prove literally the allegations of his complaint as affecting the quantum of recovery, and he need only prove the substantial averments of the complaint going to the right of recovery for the several alleged deliveries for which the suit was brought.

7. **Same; Contract; Breach; Damages.**—Where a railroad company broke its contract to accept and pay for cross-ties by a rescission without just cause and by declining further to inspect or receive the ties delivered under the contract, the contractor's measure of damages was as follows: 1. The agreed price for such ties as had been delivered, inspected and accepted under the contract with interest: (2) The difference between the agreed price and the market value at the time and in the territory of delivery for ties

manufactured, ready for delivery and improperly rejected, with interest; (3) The difference between the contract price and the cost of production and delivery for ties to be manufactured under the provisions of the contract.

8. **Same; Instructions.**—Where the action was for breach of contract to accept and pay for cross-ties, a charge asserting that unless each and every juror believed from the evidence that one or both of the tie inspectors failed, through fraud or intention to accept ties which met the specifications of the contract, the jury should not return a verdict for more than $244.00 and interest, took no account of the cross-ties not inspected by the railroad after its alleged attempted rescission without just cause, and was properly refused.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by J. L. Isbell against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The following charge was refused:

(21) Unless each and every juror believes from the evidence that one or both of the tie inspectors failed through fraud or intention to accept ties, which met the specifications of the contract, you should not return a verdict for more than $244 and interest.

So much of the contract involved as is necessary to an understanding of the opinion follows:

"Delivery: Ties are to be delivered f. o. b. cars on track of the Central of Georgia Railway Company, or if delivered along the right of way of the railroad shall be piled at station yards, or at points between stations designated in the contract, not less than ten feet from the nearest rail, and in no case on a surface below the grading of track, each pile to be either 25 or 50 ties, built with 2 ties on the ground, laid parallel with the track, and above in alternate courses of 7 and 2, except the top, which shall be placed to form a watershed as shown in diagram. Each kind of wood also sawed and hewed ties must be piled separately. Each pile shall be plainly marked with the owner's name and date when piled. At least three feet of space shall be left between piles, to allow easy inspection. Ties not conforming to the specifications will be rejected, and must be removed from the company's right of way within ten (10) days after the inspection and rejection, with the exceptions of such ties as may be accepted as second class.

"It is understood and agreed that the ties furnished under this agreement, shall be produced from that portion of the Cen-

tral of Georgia Railway Company's line between Sylacauga, Ala., and Birmingham, Ala., also on the following railroads which will deliver the cross-ties to us at points in the territory," etc.

JOHN LONDON and HENRY FITTS, for appellant. RIDDLE & ELLIS, for appellee.

THOMAS, J.—This cause was submitted and decided under Supreme Court rule 46 (65 South. vii).

The amended complaint, on which the trial was had, alleged the breach of several conditions of a contract made by defendant with plaintiff for the purchase of cross-ties in a designated territory.

(1) The allegations of performance on plaintiff's part and of breach on the part of the defendant were conjunctively averred in the complaint, and must be proved as alleged.—*H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413, 10 South. 274; *L. & N. R. R. Co. v. Mothershed*, 97 Ala. 261, 12 South. 714; *L. & N. R. R. Co. v. Dancy*, 97 Ala. 338, 11 South. 796; *B. R. & E. Co. v. Baylor*, 101 Ala. 488, 13 South. 793; *Armstrong v. Montgomery Street Ry. Co.*, 123 Ala. 233, 246, 26 South. 349; *Western Railway of Ala. v. McPherson*, 146 Ala. 427, 40 South. 934; *Central Foundry Co. v. Bailey*, 162 Ala. 623, 50 South. 346; *Sloss-Sheffield S. & I. Co. v. Smith*, 166 Ala. 437, 52 South. 38.—*Southern Railway Co. v. Lee*, 167 Ala. 268, 52 South. 648.

(2, 3) If there be lack of proof as to any material averment necessary to a recovery, the general charge should be given on proper request. So, where the matter is descriptive of that which is material, a variance between the allegations and the proof is fatal.—*Pharr & Beck v. Bachelor*, 3 Ala. 237, 244; *Forward v. Marsh*, 18 Ala. 645; *Dill v. Rather*, 30 Ala. 60; *Smith v. Causey*, 28 Ala. 655, 65 Am. Dec. 372; *Gilmer v. Wallace*, 75 Ala. 220, 222; *Wilkinson v. King*, 81 Ala. 156, 8 South. 189; *Stewart v. Tucker*, 106 Ala. 319, 17 South. 385; *Conrad v. Gray*, 109 Ala. 130, 19 South. 398; *Prestwood v. McGowan*, 148 Ala. 475, 41 South. 779; Gould, Plead. 160, et seq.; 1 Chitty on Pl. 131; 22 Ency. Pl. & Pr. 522, 527.

The evidence tending to show the several conjunctive averments of the amended complaint. authorized the submission of the litigated facts to the jury.—*Tobler v. Pioneer Co.*, 166 Ala. 517. 52 South. 86; *Amerson v. Corona Coal Co.*, 194 Ala. 175, 69 South. 601.

Appellee insists that under the contract cross-ties might be delivered on the right of way of other railroads between Sylacauga and Birmingham (within the territory indicated), and that the plaintiff did deliver cross-ties thereunder on defendant's right of way and on the respective rights of way of the Southern and the Atlanta, Birmingham & Atlantic Railroads; that the same were inspected and accepted by the defendant as deliveries under the terms of said contract.

(4) When this written contract is considered as a whole, it appears therefrom that it was in the contemplation of the parties thereto that cross-ties should be produced within the radius of the designated points, to be delivered by plaintiff to the defendant on its right of way when practicable, or that the same might be delivered on the right of way of other immediately connecting lines of railway in the same territory. Moreover, this was the construction placed on this provision of the contract by the parties thereto in the deliveries of cross-ties thereunder, and in the inspection and acceptance thereof by the defendant.—*Mobile County v. Linch, infra,* 73 South. 423.

The defendant's certificates of inspection showed delivery and acceptance of cross-ties under this contract on the right of way of the Southern Railway Company, and the Atlanta, Birmingham & Atlantic Railroad Company in the territory embraced by the contract, and the payment therefor by the defendant of the sum of $1\frac{1}{2}$ cents for the loading on such connecting lines of the 1,272 cross-ties covered by the certificates and so delivered and accepted. The averment of the complaint as to the delivery of the cross-ties "on the railroad" was thus discharged by the proof of such delivery, inspection, and acceptance on the right of way of said connecting lines of railway.

(5) There was evidence tending to show failure of payment for some cross-ties delivered and accepted as per contract terms. The number and amount of the respective deliveries, and the acceptance thereof and payment therefor, or liability therefor, were questions for the jury.

(6) If there was a failure of the evidence to show that the number of cross-ties averred to have been delivered was so delivered at the alleged respective times, no variance was presented, provided the evidence showed that some cross-ties were delivered by plaintiff to defendant under the contract terms at the times averred. The law does not require the plaintiff to prove literally the allegations of his complaint as affecting the quantum

of recovery. The plaintiff was only required to prove the sub-
stantial averments of the complaint going to the right of recov-
ery for the several alleged deliveries for which suit was brought.

(7) If the defendant violated its contract by the attempted
rescission without just cause, and declination further to inspect
or receive cross-ties delivered by plaintiff under said contract, the
measure of damages would be respectively: (1) The agreed
price for such ties as had been delivered, inspected, and accepted
under the contract, with interest thereon; (2) the difference
between the agreed price and the market price at the time and
in the territory of delivery, with interest thereon, for ties manu-
factured, ready for delivery, and improperly rejected; and (3)
the difference between the contract price and the cost of produc-
tion and delivery for ties to be manufactured and delivered under
the provisions of the contract.—*Hinckley v. Pittsburgh Co.*, 121
U. S. 264, 7 Sup| Ct. 875, 30 L. Ed. 967; *Crandall-Pettee Co. v.
Jebeles, etc., Co.*, 195 Ala. 152, 69 South. 964, 966; *Hopkinsville
Milling Co. v. Gwin, et al.*, 179 Ala. 472, 60 South. 270; *Curjel &
Co. v. Hallett Mfg. Co., infra*, 73 South. 938; 2 Sedg. Damages
(8th Ed.) § 94; 2 Benj. on Sales (4th Am. Ed.) 973; 2 Addison
on Cont. 589; 2 Greenl. Ev. 261.

The trial court committed no error in submitting to the jury
the question of defendant's right to terminate the contract, nor
in stating the measure of damages for the breach of the con-
tract should the jury find the defendant liable for a breach.

In *Abercrombie & Williams v. Vandiver*, 126 Ala. 513, 28
South. 491, the court said: "It may be conceded as settled law
that the parties to a contract may stipulate that the estimate of
the work done and the compensation due under it, to be made
by a third party, shall be final and conclusive, and such stipula-
tion is binding in the absence of fraud or bad faith. * * * It
is equally true that the estimate of the amount due is not binding
in the absence of a provision in the contract to that effect."

It is sufficient to say that the plaintiff and the defendant in
the case at bar made no such contract, giving absolute and bind-
ing effect to the certificate of the inspector, or of the inspection
so made.

(8) Charge No. 21 was properly refused, as taking no ac-
count of the cross-ties that were not inspected by the defendant.

Defendant's evidence tended to show that only 26 per cent.
of the ties inspected were in accord with the contract provisions,
while the plaintiff's evidence tended to show that 90 per cent.

of the ties delivered by plaintiff to defendant were according to contract requirements. The questions of disputed fact were for the jury. There was sufficient evidence to sustain the verdict.

The motion for a new trial was properly overruled.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.