(130 So. 202)

**MURPHY v. HAYS et al.**

4 Div. 503.

Supreme Court of Alabama.

Oct. 9, 1930.

A. R. Powell and E. O. Baldwin, both of Andalusia, for appellant.

Powell & Albritton, of Andalusia, for appellees.

GARDNER, J.

The action is in detinue for recovery of live stock embraced in mortgages upon which plaintiff derives title. Defendants suggested ascertainment of the mortgage indebtedness, and the pleadings were in short by consent the general issue, set-off, and· recoupment. The evidence of ·the respective parties was in sharp conflict, with particular reference to the two latter defenses.

The jury's verdict fixed the indebtedness far below the value of the property and the sum claimed due by plaintiff, and from the judgment following plaintiff prosecutes this appeal.

Defendants were engaged in the saw-mill business and at the institution of the detinue suit some of the livestock was used. They were permitted to show, over plaintiff's objection, that, upon seizure of this live stock under the detinue writ and for a period of three days before they made bond for its re-possession, their mill was closed down as a consequence thereof, and estimated considerable damage therefrom. ·We think such damages too remote and equally as inadmissible as the loss of time and hotel bills paid while procuring sureties on the replevin bond or attending trial as held in Foster v. Napier, 74 Ala. 393, and Williams v. Finch, 155 Ala. 399, 46 So. 645. See, also, 18 Corpus Juris 1028; Hudson v. Young, 25 Ala. 376. Nor do we intend to indicate such evidence otherwise admissible in this action, but, as the foregoing sufficiently condemns its introduction, other considerations may be pretermitted.

The argument of counsel for appellee in reply rests in the most part upon the application of Rule 45, and the doctrine of error without injury.

It is insisted that charges A and B, given for plaintiff,. rendered the error, if any, harmless. If it was plaintiff's aim to over-come the effect of such illegal evidence by these charges (a burden, we may add, the law did not place upon him, Watson v. Adams, 187 Ala. 490, 65 So. 528, Ann.· Cas. 1916E, 565), he fell far below the mark. The trial court in the oral charge made explicit and direct reference to this evidence and that damages were claimed by reason of the closing down of the sawmill. The above-noted charges made no reference to this, but deal merely in a general way with the matter of damages resulting from the levy, and in giving the written charges the jury was instructed they were not to be considered in conflict with the oral charge. This evidence was not only harmful in respect to the amount of damages sustained, but we think it had a prejudicial tendency otherwise adversely to plaintiff.

We cannot find in the record justification for a holding that the error was cured or the harmful effect was neutralized.

We conclude, therefore, it was error to reverse. The few remaining questions will doubtless not arise upon another trial and may be pretermitted.

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.