# CASES·

## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF ALABAMA;

## JANUARY TERM, 1832.

---

### TAYLOR *versus* BRANCH.

Under an averment in a declaration, "that the instrument was duly presented to the maker thereof," the plaintiff may shew in evidence, that the party was diligently sought and could not be found; and it is not essential to aver the latter facts specially.

In error from Lawrence Circuit Court.

In this case Taylor commenced an action of assumpsit against Branch, as endorser of a bond, which had been executed by one Campbell. The declaration averred, "that the instrument had been duly presented for payment," &c. and the evidence disclosed that the demand was not personal on Campbell, but had been made at his late residence a day or two after he had left it. The defendant by his counsel moved the Court to instruct the jury, that a demand, at the last residence of Campbell, did not

32

sustain the averment, which charge having heen given, the same was excepted to as error.

SAFFOLD, J.—The action was assumpsit, in the Circuit Court, brought by the present plaintiff, as endorsee of a bond against the defendant as endorser. The declaration is in the usual form; charging, with other averments, that "the said writing was duly presented and shewn to said Campbell (the maker) for payment," &c.

During the trial a bill of exceptions was taken by the plaintiff. So much of which, as is material, states that at the proper time for presentment of the bond the agent of the plaintiff, having the bond in possession, called at the house of A. P., the late residence of said Campbell, in the town of Tuscaloosa, from which said Campbell had gone a few days previous, and at that time inquired of A. P. if Campbell wat at his house, and was answered that he had left there a day or two before; the agent for plaintifi then presented to A. P. the bond, informed him of the contents and endorsement, and demanded of him payment thereof, which was refused.

On this evidence the defendant's attorney moved the Court to instruct the jury that a demand and refusal, at the last residence of Campbell, as above proved, would not support the declaration, and they must find for the defendant upon the evidence before them; which instructions were accordingly given.

This charge of the Court is assigned as the cause of error.

Thus the question arises, whether, as presentiment of the bond was not in fact personally made on the obligor, was the plaintiff required in his declara-

tion to aver the facts specially, which constitute his excuse for not having done so; or was it sufficient, as the plaintiff has done, to aver generally, that the writing was duly presented and shewn to the maker for payment, and under this averment to prove the circumstances?

It is said in *Chitty on bills* 495, *note i*, on the authority of *Carth.* 509, and *Bayl.* 109, that the allegations should correspond precisely with the facts and evidence; and where a declaration avers, in the usual form, a presentment for acceptance or payment, and refusal, the plaintiff can not give in evidence that the drawer or maker can not be found; but that if he can not be found it is sufficient to aver, generally, that he was not found, without stating that inquiry was made after him.

A similar doctrine is also recognized in 2d *Starkie's Ev.* 255, on the authority of *Bayl.* He states, "that an allegation of due presentment, and a refusal to pay, will not be satisfied by evidence that the maker or acceptor could not be found when the note or bill was due."

The Supreme Court of New York *Stewart* vs. *Eden*,[a] has, however, maintained a different doctrine. [a]2Cain 125 That was an action by endorsees against the executors of the payee, the endorser—like this the declaration was in the usual form, stating a demand on the makers, their refusal to pay &c. There the note was presented at the store of the makers, but no person being there, the porter, who demanded payment, went into an upper room, where he was informed that the makers were out of town, but that a young man opposite was their clerk. The note being presented to him, he said instructions to pay it had not been left.

*Livingston* J. in delivering the opinion of the Court, observed, that in such case the declaration might state the facts specially, or make the general allegation " that the note was presented and payment refused," but it had been most usual to pursue the latter course, and no good reason could be assigned for departing from it—that the precedents are generally in this way, and if in some, the whole matter intended to be insisted on as evidence of a demand be set forth, it only proves that either course is good.[a] He cited the case of *Sanderson and others* vs. *Judge*,[a] where the defendant, having absconded, could not be found, and no demand was made on him; yet the declaration stated that the note had been presented to him for payment—the facts were held good and sufficient evidence to support the averment. He dissented from the contrary doctrine as contained in *Bayly on Bills*, 110, as a *nisi prius* decision, which is inconsistent with the better and more uniform practice, since the introduction into general use of bills of exchange and promissory notes.

No doubt is entertained, nor is the doctrine contested in this case, but that the circumstances given in evidence were sufficient to excuse the non-presentation to the maker in person : that similar circumstances are sufficient to excuse a personal demand is well established by many authorities.[b]

We also hold as a general proposition that it is sufficient to describe a cause of action according to the legal effect; and on this principle, and the authorities referred to, we are of opinion that the evidence was sufficient to sustain the declaration, and that in giving the contrary instructions the Circuit Court erred ; for which the judgment must be reversed and the cause remanded.