[Zavello v. Reeves & Co.]

# Zavello *v.* Reeves & Co.

*Assumpsit.*

(Decided Dec. 8, 1910. Rehearing denied Feb. 16, 1911.
54 South. 654.)

1. *Appeal and Error; Waiver of.*—An assignment of error not argued in appellant's brief is deemed to have been waived.

2. *Pleading; Construction Against Pleader.*—The mere failure to allege a fact essential to make the pleading good against demurrer will not make the rule of construction most strongly against the pleader applicable; in order to make that rule applicable the pleading must be equivocal on its face.

3. *Bankruptcy; Composition; Debts Discharged.*—After the adjudication of bankruptcy, but before confirmation of the composition, the bankrupt procured a loan of the plaintiff creditor with which to satisfy the terms of the composition, agreeing to repay it, and the excess of the old debt over the sum of the dividend paid plaintiff under the composition when confirmed, the loan not being extorted to induce the plaintiff to consent to the composition. Held, that as the loan would not have been affected by a formal discharge of the bankrupt, it was not discharged by the confirmation of the composition, and hence, could be thereafter enforced.

4. *Same; Effect.*—The confirmation of a composition has the same effect as a formal discharge, and may be pleaded against liabilities which would have been affected by a formal discharge.

5. *Bankruptcy; Provable Debts.*—A debt contracted by a loan to a bankrupt by a creditor after adjudication in bankruptcy to be used in complying with the terms of a composition, the bankrupt agreeing to pay to such creditor when the composition was confirmed. the balance of such loan after deducting therefrom the creditor's share of the consideration of the confirmation, was not a provable debt in a bankruptcy proceeding.

6. *Same; Construction of Pleading.*—A replication alleging that the defendant. after his adjudication in bankruptcy, promised plaintiff that if it would lend him such sum to use in paying the consideration of the composition with his creditors, he would, upon confirmation of such composition, pay plaintiff the balance of the demand sued on, after deducting plaintiff's share of the consideration of the composition, and the plaintiff loaned defendant such sum for said purposes, and also alleging that after the adjudication defendant promised to pay what he owed plaintiff; which was the demand here sued on, when his composition was confirmed, cannot be construed as alleging that the agreement to repay the loan was to induce the plaintiff to consent to the confirmation.

[Zavello v. Reeves & Co.]

7. *Same; Extortion.*—Such a replication did not allege extortion of the loan to procure plaintiff's consent to the composition within the meaning of the bankrupt act.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by J. S. Reeves & Company against B. Zavello. Judgment for plaintiff and defendant appeals. Affirmed.

The replications mentioned are as follows: "(2) For special replication to defendant's plea 2, plaintiffs say that on, to wit, January 1, 1906, defendants promised that if plaintiffs would lend him $500 for use in paying the consideration of a composition with his creditors in said bankruptcy proceeding, he, defendant, when said composition was confirmed, would pay plaintiffs balance of demand sued on after deducting plaintiff's share of the consideration and plaintiffs aver that they accepted defendant's said offer and promise, and did so lend him the said sum of $500 for said purpose. (3) For further special replication to defendant's plea 2, plaintiff's aver that after the filing of defendant's said petition in bankruptcy, and after he had been adjudged a bankrupt, defendant promised plaintiffs that he would pay what he owed plaintiffs, being the same demand as sued on herein, when his composition in bankruptcy was confirmed, and that plaintiffs accepted said promise."

The demurrers to the second replication are as follows: "(1) That the replication sets up a new cause of action, and is a departure from the original complaint. (2) That the replication sets up an agreement that is void on the ground of public policy, in that it enables one creditor to obtain an advantage over all other creditors. (3) That the agreement set up is void, for that the agreement constituted a fraud on the court of bankruptcy having jurisdiction of said proceedings. (4) Said agree-

ment sets up an offense against the bankrupt law punishable by imprisonment, and said agreement is void for that reason. (5) The agreement is an extortion, under the acts of Congress relating to bankruptcy, and is void."

To the third replication the following demurrers, in addition to those interposed to the second replication: "(1) That the said promise of discharge by said proceedings in composition. (2) That said agreement was in violation of the acts of Congress relating to bankruptcy. (3) That said agreement was void for want of consideration."

C. B. POWELL, for appellant. The plea was tantamount to a plea in discharge in bankruptcy, and was a discharge of the debt.—*Ross v. Sanders,* 5 A. B. R. 350; *Bean v. Arnsick.* Fed. Case, 1167; 7 Collier on Bankruptcy, 232, 241, 250, 294 and 1149. The averments of the replication amount to the offense of extorting money under the Bankruptcy Act.—*In re Luftig,* 162 Fed. 322; 7 Collier on Bankruptcy 461. Section 5329 of the Code of 1907, does not apply, and hence, does not authorize the judgment rendered.

GEORGE HUDDLESTON, for appellee. The 1st assignment is waived.—*Gilliland v. Dunn,* 136 Ala. 327. The replication did not make a case of extortion or the illegal advancement of money prohibited by section 29 of the Bankruptcy Law.—*Greil v. Sullivan,* 82 Ala. 85; *Torrey v. Kraus,* 149 Ala. 200. In any event, the demurrers were speaking demurrers.—*Collier v. Davis,* 94 Ala. 456. There is no trouble about the verdict in this case.—Sec. 5328, Code 1907. No objection is made in the lower court, and nothing is shown relative thereto in the bill of exceptions.—*McCain v. Street,* 136 Ala. 625.

McCLELLAN, J.—Appellees instituted this action against appellant November 22, 1907. The original complaint, employing the common counts, sought the recovery of $350, due on or prior to December 10, 1906. Later, as appears from the written agreement of counsel supplying an omission from the transcript, the complaint was amended by the addition of a count "declaring on a note for about $250 which was a part of the claim of J. S. Reeves & Co., sued on herein and existed before the petition in bankruptcy was filed, and that no point is made on the date or amount of said note," etc.

Aside from the general issue, the defendant, by special plea 2, set up the defense that adjudication of his bankruptcy was entered on November 22, 1905; that a composition with his creditors was effected and a confirmation thereof declared by the court on February 6, 1906; that plaintiffs were of the creditors accepting said composition; that the claim sued on in this action was within the composition and dividends thereon were paid consistent with the composition; and that, therefore, the defendant was discharged from the liability now sued on. To this plea plaintiffs replied specially by replications 2 and 3. The former averred that on January 1, 1906—subsequent to the adjudication of defendant's bankruptcy and prior to the confirmation of the composition mentioned—the defendant promised that, if plaintiffs would lend him $500 for use in carrying out the composition with his creditors, he, when the composition was confirmed, would pay plaintiffs the balance of the demand sued on after deducting therefrom plaintiffs' share of the consideration for the composition; that plaintiff's accepted defendant's offer and promise, and loaned him the sum stated for said purpose. The latter special replication alleged that, after his adjudication as a bankrupt, defendant promised to pay the demand

here sued on, and that plaintiffs accepted that promise. The demurrers to these replications will be stated in the report of the appeal.

The first assignment of error complains of the overruling of the demurrer to the amended complaint for misjoinder. As counsel for appellees point out, there is no insistence on this assignment in the brief for appellant. That assignment is therefore waived. Aside from an inquiry to be later stated, the insistence in brief is that the agreement set up in the second replication is void because a fraud on the bankruptcy court; a violation of public policy, in that it invokes a matter constituting an offense punishable penally under the terms of the bankruptcy act; an extortion within the prohibition of that act. The provisions of the bankrupt act on which these contentions are based are sections 14c and 29b5 (Act July 1, 1898, c. 541, 30 Stat. 550. 554 [U. S. Comp. St. 1901, pp. 3428, 3433]). The former reads: "The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge." The latter penalizes any person who extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in any bankruptcy proceeding."

In *Griel v. Solomon,* 82 Ala. 85, 90. 2 South. 322, 325 60 Am. Rep. 733, it was said: "Hence it is now settled by the great weight of authority, with comparatively few decisions to the contrary, that an express promise to pay a debt made by a bankrupt before his discharge, but after his adjudication, is just as effective to revive the debt against him, and to waive his expected discharge, as would a promise made after obtaining his certificate of discharge." This doctrine was recently reaffirmed in *Torry v. Krauss,* 149 Ala. 200, 43 South. 184. Both of

the decisions mentioned note many authorities support-
ing them. See, also, Collier on Bank. pp. 330, 331. The
confirmation of a composition has the same effect as a
discharge, and is likewise pleadable against liabilities
that would have been affected by formal discharge. Col-
lier on Bankruptcy (7th Ed.) p. 232. The confirmation
of the composition had no greater or different effect than
a formal discharge would have had. Such is the express
provision of the act, as we understand it. The confirma-
tion of a composition operates the "discharge of the
bankrupt from his debts, other than those * * *
not affected by a discharge." A formal discharge enter-
ed when the confirmation of the composition was en-
tered would not have affected the loan here involved
nor the promise invited thereby to pay the balance of the
original debt after crediting it with the dividends paid
under the composition. The loan was not a provable
debt in the proceeding (Bandkr. Act, § 17a) ; and the
promise to pay the balance indicated, the consideration
thereof being the moral obligation of the original debt,
was within the doctrine of *Griel v. Solomon* and *Torry
v. Krauss,* and hence subject to action to enforce it, not-
withstanding the discharge, had it been formal, without
the element of composition. In order to render the repli-
cations subject to some of the demurrers, the construc-
tion must be indulged that the agreement or promise set
up in them was the product of a purpose, or the result of
a consideration, to induce the plaintiffs to consent to the
composition mentioned in plea 2. There is nothing in
either replication to justify that construction. The sum
of the matter alleged in the replications is that the bank-
rupt arranged and secured a loan, with which to satisfy
the terms of the composition, from plaintiffs and in re-
turn therefor, or in consideration thereof, the bankrupt
promises unequivocally to repay the loan and the excess

of the old debt over the sum of the dividends paid or to be paid to them under the operation of the composition when confirmed. This agreement or arrangement entirely consists with fair purposes on the part of plaintiffs and the bankrupt, and from it we can see no fraud of any character upon the court or other creditors.

It is urged for appellant that recourse to the elementary rule prevailing at common law, requiring the construction of pleadings most strongly against the pleader, must result in this instance in the conclusion that the promise set forth in the replications rested for consideration, at least in part, upon the assent of the creditors plaintiff to the composition. The essential status to invite the application of the rule to which appellant appeals is that the pleading be equivocal, susceptible of two constructions; and when so framed, when so capable, the pleading must be construed against the pleader. —*Western Assu. Co. v. McGlathery,* 115 Ala. 213, 222. 22 South. 104, 67 Rm. St. Rep. 26; 31 Cyc. pp. 78, 79; 4 Ency. Pl. & Pr. pp. 759-762. The pleading must be equivocal on its face. The mere omission upon occasion of a necessary averment in order to constitute the pleading sufficient against demurrer does not afford the invitation to apply the rule of construction before stated, however fatal to the pleading a well-directed demurrer may be because of omission of essential averment.

It need hardly be said that from the averments of the replications nothing appears justifying the construction that extortion was practiced or attempted to be practiced within the penal provisions of 29b5. No act or forbearing to act in these proceedings is related, even inferentially, in averment to the loan or engagement described in replication 2. From aught that appears from these replications, every creditor, including plaintiffs, had assented to the composition before the loan and

promise were made and given respectively. That an advantage accrued to plaintiffs as the result of the loan is true; but that it came as a result of fraud, collusion, or extortion cannot be read from these replications. On the contrary, the advantage, so far as the pleadings show, was the result of the advancement made by way of the loan described. There is nothing in the replications on which to rest a conclusion that anything other than the loan induced the promise relied on for recovery here. The demurrers to the replications were therefore well overruled.

The appeal is on the record proper. There is no bill of exceptions. The objection to the judgment that it is dual, responding to the liability declared on in the amendment thereto, does not appear to have been raised below. If there was a misjoinder of causes of action, it is not urged in brief here, as we have stated before. The judgment responds to the issues presented by the complaint as amended. Notwithstanding, Code 1907, § 5328, cured the infirmity of misjoinder (if such it was) after the amendment in the then pending cause.—*Skains v. Barnes,* 168 Ala. 426, 53 South. 268.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.