(80 South. 631)

### BROMBERG v. SELF. (1 Div. 275.)

(Court of Appeals of Alabama. Nov. 12, 1918. Rehearing Denied Dec. 17, 1918.)

1. BILLS AND NOTES ⬅537(3)—INDORSEMENT —CONSIDERATION—QUESTION FOR JURY.

In an action to recover on a note against an indorser where there was a sharp conflict in the evidence as to whether there was sufficient consideration for the indorsement, the question of want of consideration was one of fact for the jury.

2. BILLS AND NOTES ⬅489(7)—ACTIONS— DEMAND AND NOTICE TO INDORSER.

Facts which excuse demand and notice to the indorser are in law deemed proof of such demand and notice, and consequently an averment of demand and notice is proved by evidence of facts showing waiver thereof.

3. BANKRUPTCY ⬅387—LIABILITY OF INDORSER—EFFECT OF COMPOSITION WITH CREDITORS BY BANKRUPT MAKER.

The confirmation of a compromise by the bankrupt maker of a note with its creditors did not have the effect of releasing the indorser, particularly where the indorser urged the holder to file his claim in bankruptcy so as to reduce indorser's liability by the amount of the dividend.

Appeal from Circuit Court, Mobile County; Claud A. Grayson, Judge.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and.Indexes

Action by Albert E. Self against Frederick G. Bromberg, as an indorser on a note. From judgment for plaintiff, defendant appeals. Affirmed.

V. F. Kilborn and Frederick G. Bromberg, both of Mobile, for appellant.

Armbrecht, McMillan & Caffey, of Mobile, for appellee.

SAMFORD, J. The plaintiff was the owner and holder of three promissory notes, aggregating $1,250, executed by E. O. Zadek Jewelry Company, a corporation, of which corporation defendant was vice president. One of these notes was due December 20, 1915, one January 20, and one February 20, 1916. After the December note became due and before the maturity of the others, the plaintiff demanded payment of the note then past due, but payment was not made, and at the solicitation of the company, the debt was extended, as evidenced by two promissory notes, one for $600, payable in 6 months, and one for $650, payable in 12 months from date, with interest at 6 per cent. Both of said notes provided for attorney's fees and expenses of collection, and both of these notes were indorsed by the defendant.

Before any controversy arose between the parties to this suit relative to the liability of the indorser on the notes, the Zadek Company became a voluntary bankrupt under the General Bankrupt Act of the United States (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. §§ 9585–9656]), and, after complying with the law and acting in conformity with it, proposed a compromise with its creditors, offering a 30 per cent. dividend in full settlement of its obligations. The plaintiff did not prove his claim in the bankrupt court, relying upon the indorser, until he had been urged and induced so to do by the defendant in various letters which are in evidence, and in these letters, the defendant recognized said indorsements, and urged that the filing and acceptance of the dividend would not release the defendant as an indorser, the letters passing between the parties and their attorneys showing conclusively that the notes were proven in the bankrupt court for the benefit of the defendant in this suit, so that this defendant could have the benefit of the dividend paid on the compromise in the bankrupt court. The plaintiff did receive the 30 per cent. dividend, and applied the same on the notes, and demand was then made on this defendant for payment of the balance.

In various letters, after the Zadek Company had gone into bankruptcy, and while the defendant was trying to induce plaintiff to make proof of his claim, the defendant recognized his obligations as an indorser and his desire to get credit for the 30 per cent. dividend for his own protection. In one of his letters, the defendant wrote:

"I recognize the indorsement which I made, and of course there can be no evasion of it. I want Mr. Self to file his claim so that he might get the 30 per cent. dividend to reduce the amount of my responsibility."

Besides this, there was abundant evidence to support the contention that there was no intention on the part of either to release the defendant as an indorser.

[1] The evidence as to whether there was a sufficient consideration for the indorsement was in sharp conflict, and, while it is apparent that the defendant sought to evade a direct waiver of notice of protest, the evidence was in sharp conflict on this question.

The cause was tried on one count, which declared against the defendant as an indorser for the balance due on the first note for $600, less the 30 per cent. dividend, together with attorney's fees. To this count was interposed the plea of the general issue, want of consideration, that the plaintiff was not the owner of the note sued on, non est factum, and the sixth plea, which alleges "that the allegation that the defendant was given due notice of the dishonor of the note by its nonpayment is untrue." The question of a want of consideration was one of fact for the jury, and was properly submitted by the court to the jury.

[2] The plaintiff could, and he did, under the pleadings, introduce evidence which was abundant to show that the defendant waived notice of presentment and notice of dishonor. "It has been long settled as a rule of pleading and evidence that facts which excuse demand and notice are, in law, deemed proof of such demand and notice; consequently an averment of demand and notice is proved by evidence of facts showing a waiver thereof." Manning v. Maroney, 87 Ala. 563, 6 South. 343, 13 Am. St. Rep. 67; Kennon v. McRea, 7 Port. 175; Taylor v. Branch, 1 Stew. & P. 249, 23 Am. Dec. 293; Ala. Nat. Bank v. Rivers, 116 Ala. 1, 22 South. 580, 67 Am. St. Rep. 95.

[3] The confirmation of the compromise had by Zadek Company with its creditors did not have the effect of releasing the defendant as an indorser on the note of the plaintiff. Zavello v. Reeves & Co., 171 Ala. 401, 54 South. 654; Gurley v. Robertson, 178 Ala. 326, 59 South. 643; Leader v. Mattingly, 140 Ala. 444, 37 South. 270.

The plea of non est factum was not proven, and the sixth plea was a mere denial of one of the allegations in the complaint, and of course when the complaint was proven it follows that the plea was disproven.

There are 102 assignments of error in this case, but in view of the foregoing the other questions raised are academic. The case is simple, and the questions really involved are all covered by the principles hereinabove discussed.

We find no error in the record, and the judgment is affirmed.

Affirmed.