CONWAY & DUNCAN v. F. P. KIRKEN-
DALL & CO. (No. 2176.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 20, 1919.)

CONTRACTS ⬤⟲113(2) — SECRET COMPOSITION AGREEMENT WITH CREDITOR VOID.

An agreement by a bankrupt with a creditor to pay the entire amount due the creditor in consideration that such creditor should not seek by sequestration proceedings to recover goods sold to the bankrupt by such creditor, but should accept a composition offer, was illegal and void, where the other creditors had no knowledge thereof, and recovery could not be subsequently had from the bankrupt for the balance.

Appeal from Lamar County Court; W. L. Hutchison, Judge.

Action by F. P. Kirkendall & Co. against J. T. Conway and W. P. Duncan, composing the firm of Conway & Duncan. Judgment for plaintiff, and defendant Duncan appeals. Reversed and rendered.

Moore & Hardison, of Paris, for appellant. J. S. Patrick, of Paris, for appellees.

WILLSON, C. J. At the time, to wit, November 20, 1915, J. T. Conway and W. P. Duncan, composing the firm of Conway & Duncan, merchants, were adjudged to be bankrupts, on a petition against them filed November 6, 1915, they were indebted to appellees on account for merchandise shipped to them October 9, 1915, in the sum of $370.20. Pending action on an offer by said Conway & Duncan to their creditors of 33⅓ per cent. of the amount of their respective claims as a composition, appellees threatened to commence and prosecute sequestration proceedings for the recovery of the goods they had shipped to Conway & Duncan. The latter, fearing the commencement of such proceedings would cause other creditors to reject the composition offered, agreed with appellees, if they would not begin such a suit but would instead accept the composition, to pay them the difference between the sum they received by participating therein and said sum of $370.20. Afterward, same having been accepted by the creditors concerned, the composition was confirmed by the court, and thereupon appellees were paid the amount they were entitled to by the terms thereof, to wit, $123.40. None of the other creditors at the times they respectively accepted the composition, nor the court at the time he approved same, knew anything about appellee's claim of a right to recover back the goods they had sold to Conway & Duncan, nor about the latter's agreement with reference thereto. After the discharge in the bankruptcy proceedings of said Conway and said Duncan individually and as partners, appellees commenced this suit against them, seeking thereby to recover $206.80 as the difference between the amount they recovered in said composition and $40 additional paid to them by Conway & Duncan, and the amount of their said claim for $370.20. The appeal is by Duncan alone from a judgment in appellees' favor for the sum they sued for against him, said Conway, and said firm of Conway & Duncan. Duncan insists that the effect of the confirmation by the bankrupt court of the composition offered by his firm, and of the order of said court discharging him, was to release him from the liability appellees sought by their suit to establish against him. Appellees do not deny that such, ordinarily, would be the effect of the action of the bankrupt court, but they insist that it did not

have that effect in this instance because of the agreement of the bankrupts to pay their claim in full if they would not seek by sequestration proceedings to recover the goods sold to them, but, instead, would accept the composition offered. Controverting this contention, Duncan by his pleadings in the court below insisted, and insists here, that the agreement appellees relied upon was illegal and therefore void. The rule he invokes as applicable to the case is stated in 12 C. J. 287, where many authorities are cited, as follows:

"Any agreement with or promise to creditor made as a part of the composition transaction and not disclosed to the other creditors, by which the former receives or expects to receive any advantage or benefit not conferred on the others, is against public policy and void both at law and in equity, as a fraud on them, and if executory cannot be enforced; and if suit or action is brought thereon the debtor or promisor may defend by setting up the illegality of the agreement or promise, in spite of the rule that forbids a party to allege his own fraud as a ground of relief, since the agreement itself is against public policy and the parties are not regarded as in pari delicto."

Appellees assert that their contention that their case is within an exception to the rule Duncan invokes is supported by Zavello v. Reeves, 227 U. S. 625, 33 Sup. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664. In that case the bankrupt borrowed of one of his creditors $500 to enable him to pay sums he had offered as a composition, and as a consideration for the loan agreed to pay that creditor the difference between the amount of his provable debt and the amount he received in the composition. A distinction between that case and this one which renders the former of no value here lies in the fact that in that one it did not appear that the agreement between the bankrupt and his creditor was a secret one unknown to the bankrupt's other creditors and to the court who confirmed the composition. That the court in that case did not have before it the question presented by the record in this one clearly appears from the opinion of the Supreme Court.

"It is not contended," said that court, "that the record imports a secret or fraudulent agreement between the bankrupt and the plaintiffs at the expense of other creditors. The state court construed the replications as not averring secrecy or fraud, saying (171 Ala. 408 [54 South. 654]): 'That an advantage accrued to plaintiffs as the result of the loan is true; but that it came as the result of fraud, collusion, or extortion, cannot be read from these replications. On the contrary, the advantage, so far as the pleadings show, was the result of the advancement made by way of the loan described. There is nothing in the replications on which to rest a conclusion that anything other than the loan induced the promise relied on for recovery here.' This construction of the pleadings is not dis-

puted here. We therefore are not in this case concerned with the general equitable principle that composition agreements are invalid if based upon or procured by a secret arrangement with one or more favored creditors, in violation of the equality and reciprocity upon which such an agreement is avowedly based."

Even if it appeared from the record before us, and it does not, that appellees were entitled, by means of sequestration proceedings commenced at the time they threatened to commence such proceedings, to reclaim the goods they sold to Conway & Duncan, we do not think the case would for that reason be without the general rule stated above. For it appears without dispute in the testimony that the agreement appellees relied on was a secret one by which they, as a consideration for accepting the composition, were to receive an advantage not conferred on other creditors who accepted it.

The judgment will be reversed so far as it is in appellees' favor against Duncan, and judgment will be here rendered that appellees take nothing by their suit against him.