Frank A. Gulotta, J.
This is an action to foreclose a mortgage in the face amount of $50,000. The property was owned by Charles Valentine and Joan Valentine as tenants by the entirety.
The defenses are somewhat complicated, but to put them in the briefest terms, Joan Valentine, the wife of the principal debtor Charles Valentine, claims she signed the mortgage note and the mortgage in blank at the behest of William Grace, the branch manager of plaintiff bank, who was a close, long-time personal friend, who assured her that the instruments would be idled in for $35,000; that it was a matter of form and the mortgage would never be foreclosed.
It is also affirmatively alleged that Joan Valentine’s brother, Robert Sweeney, was induced to sign a guarantee of Charles Valentine’s debts to the extent of $65,000; that he had no previous connection with the matter and he did so to benefit his sister Joan and agreed with plaintiff that when he paid $32,500 on the guarantee the mortgage would be assigned to him; that he paid the $32,500 but the mortgage has not been assigned.
Charles Valentine pleads a discharge in bankruptcy as a defense to any deficiency judgment and asserts he has no interest in the title since the trustee in bankruptcy took that over and sold it to Joan Valentine who thus has full title. Joan Valentine also pleads failure of consideration as a defense on *556 the ground she personally received nothing for her signature and that Charles Valentine did not receive anything new, since there was no forebearance of the debt.
On the present motion defendants seek to examine Grace as a hostile witness and also the two attorneys who prepared the altered mortgage. They claim discrepancies in the typed insertions support defendants’ contentions and wish to ascertain the condition of the form of mortgage at the time it was delivered to the branch manager. The hostility of these witnesses has been amply demonstrated, as well as sufficient special circumstances shown to warrant their examination before trial. The fact that defendants know the facts purporting to .support what they contend is not a valid reason for denying them an opportunity to elicit evidence to sustain the contention. Privilege and work product are matters to be dealt with on the examination itself, rather than being a reason for denying disclosure, although it is hard to see how either can be involved with respect to papers which are of record and are the subject of this lawsuit.
Defendants also move for leave to serve a supplemental answer. This is ordinarily freely given. However, plaintiff has cross-moved to dismiss some of the affirmative defenses and counterclaims already pleaded as insufficient in law, and it thus becomes necessary to examine the sufficiency of the new matter more closely insofar as it may'be a restatement of the matter under attack.
Plaintiff’s arguments based on the credibility of the various defenses are inappropriate for purposes of the cross motion, which must assume the truth of defendants’ allegations in testing their legal sufficiency.
Dealing with the matter from this point of view, the Statute of Frauds and the parol evidence rule will not inhibit proof of the alleged fraud by a person standing in a confidential relationship and its rectification.
As to the third-party beneficiary action, the blood relationship between the beneficiary and the promisee is sufficient to support it and certainly it cannot be said as a matter of law that Sweeney did not intend to benefit his sister. On the showing here that is probably what he intended.
The terms of his later settlement of the Florida action do not appear on the face of the pleading attacked, and furthermore, the beneficiary may have had a vested right by that time.
Nothing has been shown to detract from the sufficiency of the discharge in bankruptcy as a defense.
The defense of lack or failure of consideration is troublesome. Defendant cites Strong v. Sheffield (144 N. Y. 392) for the propo *557 sition that an indorsement by a wife of a demand note the only consideration for which was the past due debt of her husband, is nudum pactum and unenforceable. The case holds exactly that. Plaintiff’s citation of Lehren Krauss v. Bonnell (199 N. Y. 240) does not help much since although it holds that a mortgage given to secure a past due debt is valid, the case does not involve an accommodation party.
However the Strong case was decided in 1895 and section 55 of the Negotiable Instruments Law providing that an accommodation party is liable to a holder for value was first enacted in 1897. Section 51 ibidem states that a pre-existing debt constitutes value. The substance of both of these sections has found its way into the Uniform Commercial Code. Subdision (b) of section 3-303 of that code provides that a holder takes an instrument for value when he takes it as security for an antecedent debt. Section 3-408 which makes failure of consideration a defense against a holder, other than one in due course, provides that no consideration is necessary where an instrument is given to secure an antecedent obligation. Lastly subdivision (2) of section 3 — 415 provides that an accommodation party is liable to one who takes the instrument for value even though he knows of the accommodation.
I do not find among the many later cases which cite the Strong case any which discuss the effect of the Negotiable Instruments Law on the thrust of that decision. Kiess v. Baldwin (74 F. 2d 470) for the Circuit Court of Appeals for the District of Columbia in 1934, cites it as representing the law in New York and applies it to a fact situation very similar to the present one. However the Court of Appeals in Brandt v. Krank (164 N. Y. 515) (an antecedent debt case) found it necessary to find that an accommodation paper was not a promissory note in order to reach the question of the sufficiency of consideration. My conclusion is that at the present time an antecedent debt of the maker is sufficient consideration to bind an accommodation indorser of a negotiable instrument.
I do not consider that section 5-1105 of the General Obligations Law which requires past consideration to be expressed in the writing signed by the promissor to detract from the effect of the sections of the Uniform Commercial Code cited above. For these reasons I do not believe that failure or lack of consideration is a valid defense available to Joan Valentine.
The first affirmative defense which ends up by asserting lack of consideration, asserts many other things germain to the other defenses and counterclaims. It is stricken insofar as it pleads lack of consideration as a defense.
*558 The third affirmative defense and second counterclaim and the proposed sixth affirmative defense and third counterclaim deal with the third-party beneficiary aspects of the case and will be allowed to stand.
The fourth affirmative defense and the proposed fifth affirmative defense deal with the bankruptcy discharge and are sufficient.