In the winter of 1973, John Gavin and Richard Hinrichs, his brother-in-law, formed a corporation, G H Tire Centers, Inc. In order to obtain financing for the new corporation, Sonia Gavin, John Gavin's wife, appellant herein, assigned her interest as payee in a $15,000 note, to the First National Bank of Mobile as collateral for a loan from First National Bank of Mobile to G H Tire Centers, Inc. To protect Mrs. Gavin from personal loss as to her own note, G H Tire Centers, Inc., as maker, executed a $15,000 promissory note dated July 1, 1974, payable on demand to Mrs. Gavin. This note from G H Tire Centers, Inc., to Mrs. Gavin was endorsed by John Gavin and Richard Hinrichs as accommodation endorsers.
On April 7, 1976, John Gavin and Hinrichs executed an agreement which assigned all of Hinrichs' stock in G H Tire Centers, Inc. to John Gavin. Mrs. Gavin was not a party to this agreement. *Page 1064 
Mrs. Gavin made demand on G H Tire Centers, Inc. for payment of the note, dated July 1, 1974, and because the corporation was unable to pay it, she next sought recovery from the secondarily liable party Richard Hinrichs as accommodation endorser. The jury returned a verdict for the defendant Richard Hinrichs and from that verdict Sonia Gavin took this appeal claiming error: (1) that the jury's verdict was contrary to the evidence, and (2) that the trial court erred by submitting Richard Hinrichs' plea of lack of consideration to the jury.
The second assignment of error will be addressed first. Rule 51 of ARCP states in part:
 No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.
See also Ott v. Fox, 362 So.2d 836 (Ala. 1978); Windson v.General Motors Acceptance Corporation, 295 Ala. 80,323 So.2d 350 (1975). The fact that no objections were made to the court's charge precludes the appellant from assigning as error the trial court's instruction to the jury on the defendant's plea of lack of consideration.
The Appellant's second assignment of error is that the verdict of the jury is contrary to the evidence. Verdicts are presumed to be correct and that presumption is strengthened when a motion for a new trial on the ground that the verdict is against the weight of the evidence is denied. First SouthernFederal Savings and Loan Association of Mobile v. Nicrosi,333 So.2d 780 (Ala. 1976); Walker v. Cardwell, 348 So.2d 1049 (Ala. 1977). Nevertheless where the great weight of the evidence is against the verdict, so as to make the verdict manifestly unjust the verdict will be set aside. Prescott v. Martin,331 So.2d 240 (Ala. 1976); Dixie Electric Co. v. Maggie, 294 Ala. 411, 318 So.2d 274 (1975).
The first step to be taken in the analytical process of determining whether or not the jury's verdict is against the great weight of the evidence is to determine whether or not this transaction is governed by the version of the Uniform Commercial Code which has been enacted into law in Alabama. The section of the Alabama Code subtitled "Limitations on scope of article" delineates, in a negative manner, those commercial transactions which are governed by the UCC. Code 1975, §7-3-103. This section does not exclude the transactions which occurred in the instant case.
Professors White and Summers in their treatise Uniform Commercial Code state: "[The Code] does not apply to suretyship transactions (except where the surety is a party to a negotiable instrument.)"[1] The instrument which appellant sued on below is a negotiable instrument because it is a writing signed by the maker which contains an unconditional promise to pay a sum certain in money and no other promise, and it is payable on demand to the order of Sonia Gavin. Code 1975, §7-3-104 (1). The instant case concerns a suretyship arrangement and the sureties are parties to a negotiable instrument; thus Article 3 of UCC governs. The question which next arises is what is the relative status of these parties under Article 3.
Code 1975, § 7-3-415 (4), establishes a presumption that an endorsement which shows that it is not made for the purpose of transfer is made as an accommodation for another party.
 An indorsement which shows that it is not in the chain of title is notice of its accommodation character. Code 1975, § 7-3-415 (4).
The Code defines an accommodation party in the following terms: "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." Code 1975, § 7-3-415 (1). The evidence in the instant case clearly indicates that Richard *Page 1065 
Hinrichs signed the instrument as an accommodation endorser. Hinrichs' signature was not made for the purpose of transferring the instrument, but rather to lend his credit to the maker of the note, G H Tire Centers, Inc.
The defendant Hinrichs' special plea of lack of consideration is the only rationale upon which the jury could have returned a verdict for the defendant. The question of whether the jury's verdict in this case is against the great weight of the evidence thus turns on whether lack of consideration for an accommodation endorsement is a defense to the accommodating party's liability on the instrument. This question has not been specifically addressed by the Alabama Supreme Court since the enactment of the UCC.
In brief appellee cites Bromberg v. Self, 16 Ala. App. 627,80 So. 631 (1918) and Culbreath v. Guiterman Rosenfield Co.,217 Ala. 259, 115 So. 303 (1927) for the proposition that in "an action to recover on a note against an endorser where there was a sharp conflict in the evidence as to whether there was sufficient consideration for the endorsement, the question of consideration was one of fact for the jury." These cases support the proposition for which they are cited. In Bromberg
the court is dealing with an accommodation endorser much like Hinrichs in the instant case, i.e., a corporate officer who endorses the note to lend his credit to the corporation, butBromberg was decided 50 years before the adoption of the UCC and the common law rule of Bromberg has been abrogated by Code 1975, § 7-3-415.
 Unless displaced by the particular provisions of this title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions. Code 1975, § 7-1-103.
Every court[2] and every treatise writer[3] interpreting § 3-415 of the Uniform Commercial Code agrees that the liability of an accommodation endorser is supported by the consideration which flows from the creditor to the principal debtor and the fact that no consideration flowed directly to the accommodation endorser is irrelevant. The Official Comment to Code 1975, §7-3-415, provides:
 The obligation of the accommodation party is supported by any consideration for which the instrument is taken before it is due. Official Comment 3, Code 1975, § 7-3-415.
The instrument, which was the basis of this suit below, was taken by Sonia Gavin in consideration for her providing the collateral which enabled the maker of the note to obtain a loan. In this case, Hinrichs' obligation as an accommodation endorser is supported by that original consideration for which the instrument was given.
In his multi-volume treatise on the Uniform Commercial Code, Anderson interprets § 3-415 as follows:
 The fact that an accommodation party did not receive any consideration is immaterial. The fact that the maker of the note and not the accommodation maker received the consideration is not a defense to the accommodator. *Page 1066 
 An accommodation party cannot claim that there is no consideration for his accommodation as the value received by the principal debtor, the person accommodated, is the consideration for which the accommodation party lends his credit. . . . 2 Anderson, Uniform Commercial Code § 3-415:8, p. 1002; § 3-415:12, p. 1004; § 3-415:13, p. 1005 (2d ed. 1971).
In their treatise Uniform Commercial Code, Professors White and Summers make the following observation:
 At the outset one should understand that an accommodation party's failure to receive dollars in his pocket from the creditor is not a defense. Time and again sureties respond to a holder's suit by arguing "I am a surety and I did not receive consideration for my contract." This is a loosing argument. Section 3-415 (2) specifically provides that the surety is liable to a taker when the instrument is taken for value before it is due. Regardless whether the surety signs gratuitously, or receives compensation, HIS OBLIGATION IS SUPPORTED BY THE CONSIDERATION WHICH MOVES FROM THE CREDITOR TO THE PRINCIPAL DEBTOR. White and Summers, Uniform Commercial Code, (1972) p. 433. (Emphasis supplied.)
It was undisputed in the instant case that the note made by G H Tire Centers, Inc., payable to Sonia Gavin was supported by consideration. Mrs. Gavin allowed G H Tire Centers, Inc., to use another note payable to her as collateral to obtain a loan for the corporation. The same consideration which ran from the creditor, Mrs. Gavin, to the principal debtor, G H Tire Centers, Inc., is sufficient under Alabama law to support the endorsement of the accommodation party, Richard Hinrichs. Official Comment 3, Code 1975, § 7-3-415. The application of this rule of law to the undisputed evidence renders inescapable the conclusion that the jury's verdict was palpably wrong and it is hereby reversed and remanded.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.
[1] White and Summers, Uniform Commercial Code (1972) p. 6.
[2] St. Charles National Bank v. Ford, 39 Ill. App.3d 286,349 N.E.2d 430 (1976); Neubauer v. Thiac, La.App., 264 So.2d 293
(1972); Fairfield County Trust Co. v. Steinbrecher, 5 Conn. Cir. 405, 255 A.2d 144, 6 UCC Rep.Serv. 682 (1968); Woodhouse,Drake Carey, Ltd. v. Anderson, 7 UCC Rep.Serv. 214 (N.Y.Sup.Ct. 1970); Berger v. Norad Enterprises, Inc., 6 UCC Rep.Serv. 161 (N.Y.Sup.Ct. 1969); First Nat'l City Bank v.Valentine, 61 Misc.2d 554, 306 N.Y.S.2d 227, 7 UCC Rep.Serv. 53 (Sup.Ct. 1969); Abby Financial Corp. v. Weydig Auto SuppliesUnlimited, Inc., 4 UCC Rep.Serv. 858 (N.Y.Sup.Ct. 1967);Shulman v. Steve Lynn, Inc., 2 UCC Rep.Serv. 1046 (N.Y.Sup.Ct. 1965); Cissna Park State Bank v. Johnson, 21 Ill. App.3d 445,315 N.E.2d 675 (1974); Hyberster v. Reiman, 262 Or. 116,496 P.2d 917 (1972); Seaboard Finance Co. v. Dorman, 4 Conn. Cir. 154, 227 A.2d 441 (1966).
[3] 2 Anderson, Uniform Commercial Code § 3-415:8 p. 1002, § 3-415:12 p. 1004, § 3-415:13 p. 1005 (2d ed. 1971); White and Summers, Uniform Commercial Code p. 433 (1972).