[Austin, et al. v. Beall.]

# Austin, *et al. v.* Beall.

## *Assumpsit.*

(Decided May 19, 1910.   52 South. 657.)

1. *Assumpsit; Action; Common Count; Implied Warranty.*—The common counts cannot properly be applied to an action for the breach of an implied warranty.

2. *Sale; Contract; Construction.*—Where the contract for the sale of lumber stipulated for count and inspection guaranteed at point of destination, the written report of count and inspection made at point of destination was not admissible to show the true character, amount and quality of the lumber; the effect of the stipulation being to assure conformity to the order of the subject of sale, and bills rendered the buyer.

3. *Same; Breach; Evidence.*—Where the contract contemplated delivery of lumber f. o. b. cars at point of shipment and not at place of destination the freight charges on the lumber were outside the contract and could not have been within the contemplation of the parties to the contract as an element of damage for the breach of the contract. Hence, in an action on such contract for a breach evidence of what the freight charges were, or what freight charges were paid, was not admissible.

4. *Partnership; Description of Parties.*—Where an action is brought against two defendants, it is not necessary to describe them as partners in order to admit evidence of their joint liability, as a legal result of their association as partners.

5. *Pleading; Proof; Variance.*—Where it is alleged that the contract was made by the defendant with the plaintiff and the proof showed that the contract was made by a partnership of which the defendants were members, there was no variance.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by W. W. Beall against J. W. Austin and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The first three counts are the common counts. The fifth count claimed damages for the breach of warranty in the sale of a car of lumber by defendants to plaintiff on February 1, 1904, which the defendants warranted to be free from sap and through shake, when in fact

[Austin, et al. v. Beall.]

a large quantity of lumber, to wit, 13,500 feet, contained sap or through shake. The fourth count was as follows: "Plaintiff claims $187.70 damages from the defendants, for that, whereas, heretofore, to wit, on the 1st day of February, 1904, the defendants agreed and contracted with the plaintiff to saw for and ship on plaintiff's order one car of long leaf yellow pine lumber, free from sap and through shake, at the price of $8 per M. feet f. o. b. cars, count and inspection guaranteed. Plaintiff avers that the expression 'count and inspection guaranteed,' when used in this connection, was understood by defendants to mean, and did mean, the defendants' guaranty of quantity of the lumber and the grade of the same at point of destination; that is, at point to which shipped. And plaintiff avers that he paid the defendants $115.87 for said lumber, relying upon their guaranty as herein alleged; that said lumber was shipped by plaintiff, and at point to which shipped did not come up to guaranty as herein alleged, in that it was not free from sap and through shake, and that thereupon, with the consent and at the direction of the defendants, he disposed of said lumber to best advantage, and the proceeds of such distribution failed to pay the freight on the shipment by $55, which amount as shipper plaintiff was bound to pay and did pay; that said $115.87, paid defendants as averred, was the price of said lumber according to agreement herein set out, and that defendants failed and refused to pay said $170.87."

W. O. MULKEY, for appellant. There was a fatal variance between the allegation and the proof.—*Garrison v. Hawkins*, 11 Ala. 311; *Gamble v. Kollum*, 97 Ala 677; *Lee v. Wimberly*, 102 Ala. 39; *McAnally v. Hawkins*, 109 Ala. 397. The common counts cannot aid

[Austin, et. al. v. Beall.]

plaintiff in this suit, as the action is based upon implied warranty growing out of a special contract unperformed.—*Beadle v. Graham,* 66 Ala. 99; *Burkham v. Spears,* 56 Ala. 47; *Darden v. James,* 48 Ala. 43; *Vincent v. Rogers,* 30 Ala. 471. Freight paid was not an element of damages in this action.—*Herren v. Scaggs,* 62 Ala. 180; *Foster v. Rogers,* 72 Ala. 602. The court erred in admitting the written memorandum or report of count and inspection at point of destination.—*Bird v. Beall,* 150 Ala. 122. Counsel discuss other assignments of error, but without citation of authority.

C. D. CARMICHAEL, for appellee. There was no variance between the pleading and the proof in this case. —Secs. 39 and 40, Code 1896; *Clark v. Jones,* 87 Ala. 474; 4 Mayf. 384. Plaintiff could recover on the common counts.—*Stafford v. Sibly,* 106 Ala. 189. The case of *Bird v. Beall,* 150 Ala. 122, is not applicable. The written document was admissible in evidence.—*Martin, et al. v. Brown,* 75 Ala. 443. Counsel discuss the other assignments of error insisted on but without citation of authority.

McCLELLAN, J.—The plaintiff (appellee) must trace his right to recover in this action through a breach by defendants (appellants), of an implied warranty, in respect to quantity and quality, of a car of lumber bought and sold, respectively, by the parties. To such a purpose the common counts cannot be properly applied.—4 Cyc. pp. 326-328, and authorities collated in notes thereon.

Accordingly, the several affirmative charges, as to the common counts, requested by and refused to defendants, should have been given. Their refusal was error.

The measure of plaintiff's damages, if otherwise entitled to recover, is that stated in *Penn & Co. v. Smith*

*et al.,* 104 Ala. 445, 449, 18 South. 38. The standard of recoverable damage set down in that decision necessarily excludes freight charges as elements of the recovery.

The contract between the parties contemplated the delivery of the lumber "f. o. b. cars" in this state, and not at the point of destination, remote from the place of shipment. Hence the freight charges on the car was a matter dehors the engagement between these parties and could not have been within their contemplation as an element of damages for a breach thereof. It follows that evidence of what the freight charges on the car were, or what freight charges on the car were paid, was erroneously admitted over defendants' objection thereto.

Under a phase of the evidence for the defendants it was open to the jury to find that the plaintiff supervised the loading of the car, and that it was loaded with the character and quality of lumber he directed. This evidence was disputed by the plaintiff on his examination and also by the evidence of those inspecting the car at destination. Of course, if plaintiff supervised the loading, and if the car was loaded with the character and quality of lumber he directed, the plaintiff could not, for obvious reasons, recover. But, on the contrary, if, as he testified, he did not so assume direction of the loading, but, a fortiori, complained of the character and quality of the lumber then being put in the car, the defendants could, of course, take nothing as the result of their contention in this regard before stated.

The action is against J. W. and B. J. Austin. There is no description of them as constituting a partnership known and called the "Monarch Lumber Company," the concern with which plaintiff contracted. It was not necessary to so describe the parties defendant in order to properly admit evidence of their joint liability as the

legal result of their association as partners.—*Jemison v. Dearing,* 41 Ala. 283; *McCulloch v. Judd,* 20 Ala. 703; 15 Ency. Pl. & Pr. pp. 920, 921. The special counts aver that the contract was made with plaintiff, by the defendants. The proof shows that the contract was made by the Monarch Lumber Company, and counsel seem to be in accord that the named company was a partnership of which defendants were members. It is contended that a variance resulted. On the state of the complaint in this case no variance was wrought.—15 Ency. Pl. & Pr. pp. 925-927; *Clark v. Jones,* 87 Ala. 474, 482, 6 South. 362.

Under the interpretation put upon the stipulation, "count and inspection guaranteed" (at point of destination), in *Byrd v. Beall,* 150 Ala. 122, 43 South. 749, 124 Am. St. Rep. 60, it necessarily results that the written report or memorandum of "count and inspection" made at destination was not admissible in evidence to show the true character, amount, and quality of the lumber contained in the car. It was held, and well held, we think, in *Byrd v. Beall,* that the whole effect of the stipulation guaranteeing count and inspection was to assure conformity of the subject of sale to the order and bills therefor rendered the purchaser.

Errors prejudicial to appellants intervened on the trial, so the judgment must be reversed, and the cause will be remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.